UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH FRANK STEVENS,

       Plaintiff,

  v.                                            23-CV-1009-LJV
                                                    DECISION & ORDER

UNITED STATES,

       Defendant.
_____

      The *pro se* plaintiff, Joseph Frank Stevens, filed this action asserting claims under the Federal Tort Claims Act ("FTCA") and for violations of his constitutional rights. Docket Item 1 (complaint); Docket Item 11 (amended complaint). He sought damages based on the alleged negligence of his assistant federal public defender and the assistant United States attorney who prosecuted him. Docket Item 11.

      On July 11, 2024, this Court dismissed the case for lack of subject matter jurisdiction and failure to state a claim. Docket Item 19. Stevens then filed three motions for relief from an order under Federal Rule of Civil Procedure 60, Docket Items 23, 25, and 27, which this Court construed as motions for reconsideration and denied, *see* Docket Items 24, 26, and 28.

      Stevens now has filed a fourth motion for relief from an order under Federal Rule of Civil Procedure 60. Docket Item 29. Stevens says that because the assistant federal public defender and the assistant United States attorney whose actions formed the basis for his claims against the United States under the Federal Tort Claims Act are

"employed in" the Western District of New York, all "judges in [this District] should recuse themselves and transfer[] the action to another [d]istrict."  *Id.*

The Court construes Stevens's motion as motions for reconsideration and recusal.  And for the reasons that follow, it denies those motions.

## **LEGAL PRINCIPLES**

### **I.     MOTION FOR RECONSIDERATION**

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted); *see also United States v. Cheruvu*, 2019 WL 3000682, at *2 (W.D.N.Y. July 10, 2019) ("[A] motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." (citation and internal quotation marks omitted)).

### **II.    MOTION FOR RECUSAL**

A judge has an obligation to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), as well as in any proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal

knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1). A judge also must recuse himself from a case when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To be sufficient[,] an affidavit must show the objectionable inclination or disposition of the judge . . . [and] give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Sibley v. Geraci*, 858 F. App'x 415, 416 (2d Cir. 2021) (summary order) (alterations in original) (quoting *Rosen v. Sugarman*, 357 F.2d 794, 798 (2d Cir. 1966)). "Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes." *Myers v. New York*, 2017 WL 6408721, at *2 (N.D.N.Y. Sept. 28, 2017).

"A recusal decision rests within the sound discretion of the judge whose recusal is sought." *Id.* (citing *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)). Indeed, "a judge has an affirmative duty not to disqualify himself unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." *Goodman v. Bouzy*, 2023 WL 3961216, at *3 (S.D.N.Y. June 12, 2023) (alterations, citation, and internal quotation marks omitted); *accord LoCascio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007); *see also United States v. Occhipinti*, 851 F. Supp. 523, 526 (S.D.N.Y. 1993) ("It is well-established that a motion for recusal should be filed at the earliest possible moment after obtaining facts demonstrating a basis for recusal." (citations and internal quotation marks omitted)).

3

**DISCUSSION**

This Court understands Stevens's motion to seek reconsideration of the Court's dismissal of his complaint on the grounds that this Court should have recused itself. So as a threshold matter, the Court considers whether recusal was warranted here.

Stevens says that recusal was warranted because the assistant federal public defender and assistant United States attorney involved in Stevens's claims work in the Western District of New York—that is, where this Court sits. Docket Item 29. But that fact does not call into question the Court's impartiality in this case. Courts have found that relationships between the judge and a lawyer far closer than those that Stevens alleges do not require recusal. *See Occhipinti*, 851 F. Supp. at 526 n.3, 527 (denying motion to recuse based on fact that assistant United States attorney had served as judge's student intern ten years before case began and noting that defendant's argument "if taken to its illogical conclusion, would have virtually every judge recuse . . . whenever a former law clerk, or any attorney with whom [the judge] is acquainted for that matter, appears before the court"—a possibility the court firmly rejected); *Bailey v. Broder*, 1997 WL 73717, at *1, *4-5 (S.D.N.Y. Feb. 20, 1997) (denying defendant's motion to recuse based on judge's relationship to plaintiff's lawyer, whom the judge had "lunched [with] on two occasions," seen at bar association events, and referred to as a "friend"); *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 160, 164 (S.D.N.Y. 2012) (denying plaintiffs' motion to recuse based on fact that judge had "participated on two [educational] panels with defense counsel"), *objections overruled sub nom. Moore v. Publicis Groupe SA & MSL Grp.*, 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012). And "it is well settled that a judge's acquaintance with a party, an attorney[,] or a witness,

4

without some factual allegation of bias or prejudice, is not sufficient to warrant recusal." *Bailey*, 1997 WL 73717, at *3 (collecting cases).

In other words, the fact that lawyers involved in this case work for a government entity in the district where the Court sits clearly does not constitute grounds for recusal. On the contrary, district courts regularly decide cases in which the district's prosecutors and federal public defenders represent parties—in fact, that is how the system works. Likewise, district courts do not routinely recuse themselves when the parties themselves happen to be lawyers who appear before them.[1]  *See, e.g.*, *Zavalidroga v. Cote*, 395 F. App'x 737, 739 (2d Cir. 2010) (summary order) (plaintiffs' statement that judge on panel "kn[ew] one of the defendants, . . . a Syracuse attorney," did not constitute grounds for recusal).

Stevens thus has failed to provide any facts to support his motion for this Court's recusal. His motion for recusal therefore is denied.

And for the reasons already explained several times, *see* Docket Items 24, 26, and 28, the Court likewise declines to reconsider its decision dismissing the complaint, Docket Item 19.[2]

---

[1] The fact that a court in the Central District of Illinois—the decisions of which are not binding on this Court—once transferred a case because the defendants were "federal public defenders employed in [that district]," *see* Docket Item 29 at 3, does not alter this analysis.

[2] After filing his motions for recusal and reconsideration, Stevens filed a letter speculating that this Court is "at an impasse" and suggesting that it grant him default judgment in this action. Docket Item 31. To the extent that Stevens intends his letter to be a motion for default judgment, the Court denies that motion.

**CONCLUSION**

Stevens's motions for recusal and reconsideration, Docket Item 29, therefore are DENIED.

SO ORDERED.

Dated:   October 1, 2024
            Buffalo, New York

                                             */s/ Lawrence J. Vilardo*
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE